[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO STRIKE
The defendants, Anthony Miele, James Strillacci, Stephen Lovett, Carl Rosensweig and Brian Royce, all members of the West Hartford, Connecticut Police Department, have moved to strike counts one through three and seven through eighteen as they apply to them (hereafter "Motion to Strike #1), and the defendant, Town of West Hartford, has moved to strike counts four, five and six, (hereafter "Motion to Strike #2).
 FACTS
On November 17, 1997, the plaintiff, Paul Melanson, a West Hartford Police Detective, filed an eighteen count complaint against the defendants, the Town of West Hartford and five members of its police force, James Strillacci, Stephen Lovett, Carl Rosensweig, Brian Royce and Anthony Miele, for injuries he sustained during the course of his employment. On December 24, 1997 he filed an amended complaint. On January 23, 1998, the above-mentioned motions to strike were filed. In their memoranda, the defendants contend that the counts are legally insufficient, because they do not adequately allege the wilful, malicious and/or intentional conduct necessary to avoid the exclusivity provisions of the Workers' Compensation Act. On March 17 and 20, 1998, the plaintiff filed memoranda in opposition to each of the motions to strike.
In paragraphs one through thirteen of count one, which are incorporated into counts three, six, nine, twelve, fifteen and eighteen, the plaintiff alleges the following facts. He and was a police detective employed by the Town of West Hartford ("Town"). (Count one, ¶ 1.) Members of the police force included the Chief of Police James Strillacci ("Strillacci"), Assistant Chief CT Page 7507 of Police Stephen Lovett ("Lovett"), Lieutenant Carl Rosensweig ("Rosensweig"), Sergeant Brian Royce ("Royce") and Officer Anthony Miele ("Miele"). (Count one, ¶¶ 3-7.) A special operations force within the department was named the Tactical Response Team ("TRT"). (Count one, ¶ 6.) "At all times relevant, the members of the TRT were as follows: Detective Lieutenant Rosensweig, Team Commander, Sergeant Royce, Team Leader . . . Detective Miele and Detective Melanson." (Count one, ¶ 8.) On October 25, 1995, the TRT executed a search warrant in West Hartford. (Count one, ¶ 11.) While executing the warrant, defendant Miele discharged his weapon. (Count one, ¶ 12.) The bullet from Miele's weapon struck the plaintiff injuring him severely and leaving him permanently disabled. (Count one, ¶ 13.)
In paragraph fifteen of each count, alleging intentional conduct, the plaintiff alleges that each defendant "intended to injure [him] or created a condition that made [his] injuries substantially certain to occur."[1]
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
 ISSUES
1. Motion to Strike #1:
The defendant members of the police force argue that they are "fellow employees" of the plaintiff, and therefore, that the amended complaint fails to allege facts sufficient to set forth a claim that overcomes the exclusivity provision of the Workers' Compensation Act. General Statutes § 31-293a, entitled: "Noright against fellow employee; exception [,]" provides in pertinent part: "If an employee . . . has a right to benefits or CT Page 7508 compensation under this chapter on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee or dependent and no action may be brought against such fellow employee unless such wrong was wilful or malicious. . . ."
"A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice; nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act." (Citations omitted; internal quotation marks omitted.) Nolan v. Borkowski,206 Conn. 495, 501, 538 A.2d 1031 (1988). Certainly, the counts alleging recklessness do not meet the standard of wilful, malicious or intentional.
Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering claimant to perform an extremely dangerous job, wilfully failing to furnish a safe place to work, or even wilfully and unlawfully violating a safety statute. . . this still falls short of the kind of actual intention to injure that robs the injury of accidental character." 6 A. Larson L. Larson, Workmen's Compensation (1997) § 68.13, pp. 13-55 through pp. 13-70.
In the present case, construing the facts in the complaint most favorably to the plaintiff, no allegations support the proposition that any of the five defendant members of the police force wilfully or maliciously inflicted an injury upon the plaintiff. The allegations against defendant Miele merely state that he failed to take various precautions to prevent or preclude the discharge of his weapon. Likewise, the allegations against defendants Strillacci, Lovett, Rosensweig and Royce merely state that they failed to provide adequate supervision, planning and training, and to formulate and promulgate procedures that would prevent or preclude the discharge of an officer's weapon. Bare CT Page 7509 conclusory allegation of intent to injure is not enough. 6 A. Larson L. Larson, Workmen's Compensation (1997) § 68.14. Moreover, "[a] plaintiff cannot transform a negligence count into a count of wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence." Brown v. Branford, 12 Conn. App. 106, 110,529 A.2d 743 (1987). No allegations here (particularly no factual allegations) support the proposition that the design to injure was actually entertained. Nor can the design to injure be inferred from such conduct and circumstances. Nolan v. Borkowski, supra, 206 Conn. 501; 6 A. Larson L. Larson, Workmen's Compensation (1997) § 68.13.
The plaintiff's allegations in counts one through three and seven through eighteen, therefore, fail to state a claim sufficient to overcome the exclusivity provision of the Workers' Compensation Act. The motion to strike #1 should be and is granted.
2. Motion to Strike #2
The defendant Town, citing General Statutes 31-284,[2]
argues that the plaintiff's amended complaint fails to allege facts sufficient to set forth a claim that overcomes the exclusivity provision of the Workers' Compensation Act.
In Suarez v. Dickmont Plastics Corp. , 242 Conn. 255,698 A.2d 838 (1997) (hereinafter Suarez II) our Supreme Court discussed the types of intentional conduct which are necessary to bypass the exclusivity of the Workers' Compensation Act.[3] The SuarezII court wrote: "In defining intent, we have stated that intent refers to the consequences of an act . . . [and] denote[s] that the actor desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it. . . . A result is intended if the act is done forthe purpose of accomplishing such a result or with knowledge that to a substantial certainty such a result will ensue. . . . An intended or wilful injury does not necessarily involve the ill will or malevolence shown in express malice, but it is insufficient to constitute such an [intended] injury that the act . . . was the voluntary action of the person involved. . . . Both the action producing the injury and the resulting injury must be intentional. . . . [The] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. . . . Therefore, to escape CT Page 7510 the exclusivity of the act, the victim of an intentional injury must rely on the intended tort theory or the substantial certainty theory. Under the former, the actor must have intended both the act itself and the injurious consequences of the act. Under the latter, the actor must have intended the act and have known that the injury was substantially certain to occur from the act." (Citations omitted; emphasis in original; internal quotation marks omitted.) Suarez II, supra, 242 Conn. 279-80.
In the present case, construing the facts in the complaint most favorably to the plaintiff, no allegations even remotely support the proposition that the Town intended either that Officer Miele discharge his weapon under the circumstances that prevailed at the time or that the plaintiff be shot as a result of Officer Miele's conduct. The allegations against the Town merely state that it railed to provide adequate supervision, planning and training, and to formulate and promulgate procedures that would preclude the discharge of an officer's weapon. Bare conclusory allegation of intent to injure is not enough. 6 A. Larson L. Larson, Workmen's Compensation (1997) § 68.14. The Town could not possibly have known that these types of omissions were substantially certain to result in the plaintiff being shot by another officer. Moreover, the allegations fail to support a rational inference that the Town specifically intended for the plaintiff to be injured. The allegations, therefore, do not reflect a conscious and deliberate intent directed to the purpose of inflicting an injury. Suarez II, supra, 242 Conn. 279; see also 6 A. Larson L. Larson, Workmen's Compensation (1397) § 68.13.
In Jett v. Dunlap, 179 Conn. 215, 220, 425 A.2d 1263 (1979), the court stated that serious or willful misconduct might permit a common law action against a fellow employee where such misconduct is calculated to harm the employee. However, such action will not lie against an employer unless the employee whose conduct injured the plaintiff "is of such rank in the corporation that he may be deemed the alter ego of the corporation under the standards governing disregard of the corporate entity. . . ." Id., 219.[4]
Because no allegations in the complaint support the proposition that any of the five defendant members of the police force wilfully or maliciously inflicted an injury upon the plaintiff or had the intent to injure the plaintiff, see supra CT Page 7511 pp. 4-6, there does not appear to be a reason to address whether any of those defendants were of such a rank as to be deemed the alter ego of the Town.
The plaintiff's allegations in counts four, five and six, therefore, fail to state a claim sufficient to overcome the exclusivity provision of the Workers' Compensation Act, since the common-law liability of the employer cannot be stretched to include accidental injuries caused by the gross, wanton, wilful, deliberate, intentional, reckless, culpable, or malicious negligence, breach of statute, or other conduct of the employer short of genuine intentional injury. The motion to strike #2 is, therefore granted.[5]
 CONCLUSION
The motions to strike dated January 21, 1998 and January 23, 1998 are granted.
Rittenband, J.